Estate of Ernest J. Wile, Deceased, United States Trust Company of New York, Ethel Wile Loeb and George Ernest Wile, Executors v. Commissioner.
Estate of Wile v. Commissioner
Docket No. 57216.
United States Tax Court
T.C. Memo 1957-203; 1957 Tax Ct. Memo LEXIS 48; 16 T.C.M. (CCH) 929; T.C.M. (RIA) 57203; October 29, 1957
William S. Gaud, Jr., Esq., for the petitioners. Emil Sebetic, Esq., for the respondent. RAUM
Memorandum Opinion RAUM, Judge: The Commissioner determined a deficiency of $5,854.64 in estate taxes with respect to the estate of Ernest J. Wile, who died on February 17, 1951, a resident of New York. The sole question for decision is the propriety of including in the decedent's gross estate the face amounts of two $25,000 policies of insurance on his life. [1] The facts have been stipulated. *49 [Findings of Fact] In 1915 the decedent purchased two identical twenty-payment policies of insurance on his life in the face amount of $25,000 each. He paid the yearly premium of $1,390.25 on each policy until they became fully paid-up in 1935. In 1939 he undertook to create a revocable life insurance trust with respect to the proceeds of these policies, and named United States Trust Company of New York and two of his children as "trustees". Shortly thereafter, the "trustees" were designated as beneficiaries of the policies. However, the decedent remained the owner of and retained possession of all the incidents of ownership of such policies. By various letters and indentures he undertook in 1947 to divest himself of all the incidents of ownership. [2] At that time the cash surrender value was $45,079.50, and, on February 16, 1951, it was $46,244, exclusive of the additional insurance purchased with dividends. *50 On or before March 15, 1948, decedent filed a gift tax return reporting the transfer of the policies as a gift. In determining the estate tax deficiency herein the Commissioner allowed the appropriate credit for the gift tax which had been paid. [Opinion] Section 811(g)(2)(A), Internal Revenue Code of 1939, as it was in effect at the time of the insured's death, explicitly calls for the inclusion of the proceeds of the policies in his gross estate. [3] Nor are the proceeds of these policies entitled to the exceptional treatment provided by Section 404(c) of the Revenue Act of 1942 [4] because the decedent in fact retained incidents of ownership in the policies at least until 1947. Although the second amended petition herein raises the question whether the statute requires the inclusion of the proceeds of these policies in the gross estate, no such issue is argued in petitioners' brief, and we have not been told why the statute fails to cover this case. *51 Petitioners' arguments are directed solely to the contention that the statute is beyond the power of Congress. However, the constitutional questions have recently been considered by this Court in Estate of Loeb, 29 T.C. -, where we decided that the statute is valid. Decision will be entered under Rule 50. Footnotes
1. Originally in issue, but since abandoned, was also the question of the inclusion of a further amount of $1,425.12 representing, in part, $1,154 additional paid-up insurance purchased with dividends on these policies, and, in part, final dividends in the sum of $271.12.↩
2. Taking into account the possibility that he may not have succeeded in divesting himself completely of the incidents of ownership in one particular in 1947, he subsequently, in 1949, executed a further document divesting himself of that possible remaining interest.↩
3. Internal Revenue Code of 1939: SEC. 811. GROSS ESTATE. The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated, except real property situated outside of the United States - * * *
(g) Proceeds of Life Insurance. - (1) Receivable By The Executor. - To the extent of the amount receivable by the executor as insurance under policies upon the life of the decedent. (2) Receivable By Other Beneficiaries. - To the extent of the amount receivable by all other beneficiaries as insurance under policies upon the life of the decedent (A) purchased with premiums, or other consideration, paid directly or indirectly by the decedent, in proportion that the amount so paid by the decedent bears to the total premiums paid for the insurance, or (B) with respect to which the decedent possessed at his death any of the incidents of ownership, exercisable either alone or in conjunction with any other person. For the purposes of clause (A) of this paragraph, if the decedent transferred, by assignment or otherwise, a policy of insurance, the amount paid directly or indirectly by the decedent shall be reduced by an amount which bears the same ratio to the amount paid directly or indirectly by the decedent as the consideration in money or money's worth received by the decedent for the transfer bears to the value of the policy at the time of the transfer. For the purposes of clause (B) of this paragraph, the term "incident of ownership" does not include a reversionary interest. ↩
4. Revenue Act of 1942. SEC. 404. PROCEEDS OF LIFE INSURANCE. * * *
(c) Decedents To Which Amendments Applicable. - The amendments * * * shall be applicable only to estates of decedents dying after the date of the enactment of this Act; but in determining the proportion of the premiums or other consideration paid directly or indirectly by the decedent (but not the total premiums paid) the amount so paid by the decedent on or before January 10, 1941, shall be excluded if at no time after such date the decedent possessed an incident of ownership in the policy.↩